UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| COOPER CONSOLIDATED, LLC | § | |
| *Plaintiff* | § | CIVIL ACTION NO. _____ |
| V. | § | JUDGE _____ |
| ALLIANZ BULK CARRIERS DMCC | § | MAGISTRATE JUDGE _____ |
| *in personam* | § | |
| and | § | |
| THE M/V NORDMOSEL | § | |
| *in rem* | § | |
| *Defendants* | § | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

**VERIFIED COMPLAINT FOR
ATTACHMENT UNDER RULE B AND/OR RULE C ARREST**

The plaintiff, Cooper Consolidated, LLC ("Cooper"), submits this Complaint against the defendants, Allianz Bulk Carriers DMCC ("Allianz"), and the M/V NORDMOSEL, *in rem*, an oceangoing vessel bearing the IMO number 9741877 owned, chartered, and/or operated by Allianz at all relevant times.

**PARTIES**

1. Cooper is a limited liability company organized and existing under the laws of the State of Louisiana, engaged in the business of providing stevedoring services and other necessaries on the Mississippi River to various shippers and carriers.

2. Upon information and belief, the *in personam* defendant, Allianz, is a foreign corporation organized and existing under the laws of the United Arab Emirates. On further information and belief, Allianz was the disponent owner of the NORDMOSEL and/or operated the vessel at all material times.

3. The *in rem* defendant, the M/V NORDMOSEL, an oceangoing vessel bearing the IMO number 9741877 owned, chartered, and/or operated by Allianz at all relevant times, is not currently located within this District, but, upon information and belief, it will be within the District while this action is pending.

**JURISDICTION**

4. This is an action within this Court's jurisdiction pursuant to 28 U.S.C. § 1333 (admiralty jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), Supplemental Rules B and C for Certain Admiralty and Maritime Claims, and Federal Rule of Civil Procedure 9(h). Cooper elects to bring this action pursuant to 28 U.S.C. § 1333 (admiralty and maritime jurisdiction) and Rule 9(h) of the Federal Rules of Civil Procedure.

5. The claims giving rise to this litigation arise out of Allianz's breach of contract that was negotiated and partially performed within the jurisdiction of the U.S. District Court for the Eastern District of Louisiana (specifically, Mile Marker 134 in the Mississippi River).

6. Although the *in rem* defendant, the NORDMOSEL, is not currently located within this District, upon information and belief, it will be within the District while this action is pending, rendering jurisdiction and venue proper in this Court.

**FACTUAL BACKGROUND**

7. On May 13, 2019, the NORDMOSEL berthed at Cooper's midstream buoys located at Mile Marker 134 in the Mississippi River (the "Berth") where Cooper provided stevedoring services and other necessaries to the NORDMOSEL under the terms and conditions set forth in Cooper's publicly available Ship Mooring Terminal Tariff (the "Cooper Tariff") in effect at the time.

8. The Cooper Tariff was a publicly available schedule of rates, regulations, and practices that was incorporated by reference into Cooper's berth application.

9. Additionally, Southport Agencies, Inc. ("Southport"), in its capacity as agent or representative of Allianz, the disponent owner and/or operator of the NORDMOSEL, signed Cooper's berth application for the Berth under which Southport, on behalf of the NORDMOSEL, her agent(s), owner(s), operator(s), manager(s), and/or charterer(s), agreed to be bound by the Cooper Tariff and all terms and provisions therein.

10. Consequently, the terms of the Cooper Tariff are binding on Allianz as an enforceable contract.

11. Cooper provided a host of services and other necessaries to the NORDMOSEL at the Berth and assessed charges in accordance with the Cooper Tariff for dockage, launch, security, mooring (including a high-river surcharge for extra lines in addition to separate surcharges for broken lines and re-anchoring), tugs (including the use of tugs for docking, re-anchoring, and undocking at the Berth in addition to tug stand-by charges), gross register tonnage, buoys, and fuel and high-river surcharges (various percentage increases to launch, tugs, gross register tonnage, buoys, standby for tugs, and mooring charges) (collectively, the "Tariff Charges") in the amount of $194,228.08.

12. Payment in the amount of $104,344.89 has been remitted to Cooper and applied to this balance.

13. No further payments have been remitted to Cooper, and the outstanding balance of $88,883.19 remains due and owing.

14. The Cooper Tariff also provides that Cooper is entitled to recover attorneys' fees and court costs incurred in connection with Cooper's enforcement of its rights under the Cooper Tariff from Allianz.

15. Therefore, the total amount of damages presently due and owing to Cooper from Allianz in connection with the Tariff Charges is $88,883.19, in addition to Cooper's attorneys' fees and costs incurred in the prosecution of this suit.

## COUNT 1 – BREACH OF MARITIME CONTRACT

16. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

17. Cooper brings this claim *in personam* against Allianz, as more fully set out above, because Allianz entered into and breached the maritime contract with Cooper evidenced by the Cooper Tariff.

18. Cooper performed its obligations under the contract as set forth above.

19. Allianz, on the other hand, has failed to comply with the terms of the agreement by failing to pay the amounts owed under the Cooper Tariff.

20. Accordingly, Allianz is in breach of the contract evidenced by the Cooper Tariff and is indebted to Cooper in the amount of $88,883.19, in addition to Cooper's attorneys' fees and costs incurred in the prosecution of this suit.

## COUNT II – UNJUST ENRICHMENT

21. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 20 as if fully set forth herein.

22. Allianz has been unjustly enriched.

23. Cooper performed services and provided necessaries to the NORDMOSEL as authorized and approved by Allianz.

24. Allianz are indebted to Cooper in the amount of $88,883.19 as a result of the services provided.

25. Allianz has failed to pay Cooper for the services provided.

26. Allianz's continued withholding of amounts due and owing to Cooper for work performed and properly invoiced have unjustly enriched Allianz at Cooper's sole expense.

27. Allianz's tortious unjust enrichment has caused Cooper to suffer damages in the amount of $88,883.19, plus Cooper's attorneys' fees and costs incurred in prosecuting this lawsuit.

## COUNT III – MARITIME ATTACHMENT AND GARNISHMENT – RULE B

28. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Despite a diligent search, Allianz cannot be located within this District, but its assets will be located within this District and within the jurisdiction of this Court during the pendency of this litigation.

30. Allianz's assets that will be located within this District include the NORDMOSEL, as set forth above.

31. The NORDMOSEL may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and sold to satisfy the claims herein.

32. Cooper is not seeking this attachment for the purpose of injuring or harassing the defendants.

33. Cooper will be prejudiced in its recovery against Allianz absent a process of maritime attachment.

34. Upon the NORDMOSEL's entry of this District and the jurisdiction of this Court, Cooper will seek an order from this Court directing the Clerk of Court to issue a Process of Maritime Attachment pursuant to Rule B of the Supplemental Rules, attaching *inter alia* not only the vessel described herein (the NORDMOSEL), but also any other assets belonging to Allianz that may be found in this District for the purposes of obtaining personal jurisdiction over the defendants, as well as to secure Cooper's claims.

**COUNT IV – MARITIME ARREST OF THE M/V NORDMOSEL – RULE C**

35. Cooper incorporates and reasserts the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. As noted above, during all relevant times, Allianz was a party to a contract with Cooper evidenced by the Cooper Tariff.

37. The services and necessaries provided by Cooper under the contract evidenced by the Cooper Tariff give rise to a maritime lien on the NORDMOSEL.

38. Despite the provision of services and necessaries and the express terms of the Cooper Tariff, Allianz has breached its contractual duties by failing to remit payment to Cooper for the services and necessaries provided in the total amount of approximately $88,883.19 in addition to attorneys' fees and costs incurred in prosecuting this lawsuit.

39. Cooper has made amicable demand upon Allianz regarding payment of the foregoing charges and damages, but, to date, the outstanding balance of $88,883.19 due and payable to Cooper has not been satisfied.

40. Cooper has duly performed its obligations under the controlling agreement; however, Allianz has failed to perform its obligations and has therefore breached this maritime contract.

41. Cooper maintains a maritime lien on the NORDMOSEL and is entitled to arrest the vessel currently when it is located within this District pursuant to Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure. Cooper is also entitled to sell the NORDMOSEL to satisfy the claims herein.

42. Cooper is not seeking this arrest for the purpose of injuring or harassing Allianz or the NORDMOSEL.

43. Cooper will be prejudiced in its recovery against Allianz absent an order of arrest.

44. Upon the NORDMOSEL's entry of this District and the jurisdiction of this Court, Cooper will seek an order from this Court directing the Clerk of Court to issue a Warrant of Maritime Arrest pursuant to Rule C of the Supplemental Rules.

**WHEREFORE,** Cooper Consolidated, LLC, respectfully requests that this Court enter judgment against the *in personam* defendant, Allianz Bulk Carriers DMCC, and the *in rem* defendant, the M/V NORDMOSEL, in the amount of $88,883.19 for charges due and owing under the relevant contract evidenced by the Cooper Tariff, with interest, costs, and attorneys' fees as determined to be reasonable by this Court, including pre- and post-judgment interest, and any other general or equitable relief as may be just and proper.

Respectfully submitted,

*/s/ Jason P. Waguespack*
JASON P. WAGUESPACK, T.A. (#21123)
ANDREW V. WATERS (#37913)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
701 Poydras Street, 40th Floor
New Orleans, Louisiana 70139
Telephone:  (504) 525-6802
Facsimile:  (504) 525-2456
jwaguespack@gallowaylawfirm.com
awaters@gallowaylawfirm.com
Attorneys for the Plaintiff, *Cooper Consolidated, LLC*